I respectfully disagree with the majority opinion and therefore dissent.
At ¶ 22 of the opinion, the majority assumes that the policy in question is not an automobile liability policy and uses this assumption as the basis for ultimately holding that the policy in question is not an automobile liability policy. By making this assumption, the majority avoids binding case law which requires a result different than that reached by the majority, namely Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541; Wolfe v. Wolfe (2000), 88 Ohio St.3d 246; and Lemm v. The Hartford (Oct. 4, 2001), Franklin App. No. 01AP-251. Under the Lemm case in particular, a portion of the coverage provided by a provision in this policy has been found to provide automobile liability coverage, making the policy an automobile liability policy.
In short, I believe the trial court correctly determined that former R.C. 3937.18 was the statute to apply. However, once the trial court correctly determined which statute to apply, the trial court did not follow our binding case law of Lemm. Thus, the trial court reached the wrong result as to whether or not automobile liability coverage was provided.
I would sustain the assignment of error and enter judgment finding the policy in question provides automobile liability coverage. Since the majority does not, I dissent.